UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FEDERATED RURAL ELECTRIC                CIVIL ACTION
INSURANCE EXCHANGE
                                        No. 16-14187
VERSUS

IRIS JOURDAN, ET AL.                    SECTION: "J"(1)

## **ORDER**

In this case, Declaratory Defendants are the heirs of Lawrence "Cotton" Jourdan. Mr. Jourdan was a member of the Board of Directors of Washington, St. Tammany Electric Cooperative, Inc. The Board of Directors of Washington, St. Tammany Electric Cooperative, Inc. have an insurance policy ("Federated policy") with Federated Rural Electric Insurance Exchange ("Federated") which provides several forms of coverage, including uninsured/underinsured motorist coverage. On or about March 8, 2016, Mr. Jourdan was walking across a street and was struck by a vehicle. Tragically, Mr. Jourdan died from the injuries he suffered as a result of this incident. Thereafter, Federated filed this declaratory judgment action seeking a judgment that Mr. Jourdan is not an insured under the uninsured/underinsured portion of the Federated policy. Declaratory Defendants also seek a declaratory judgment that Mr. Jourdan was in fact insured at the time of the incident and asks this Court to issue a judgment finding that the

Declaratory Defendants are entitled to Mr. Jourdan's insurance proceeds.

On March 27, 2017, this Court ordered the parties to brief the applicability of *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) and *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994). (R. Docs. 33, 36.) These cases are implicated in this case because Defendants' opposition to Federated's *Motion to Strike Jury* (R. Doc. 19) provided the following:

> The Jourdan heirs also filed a wrongful death and survival action in Franklinton Parish against the driver and Federated. *Iris Nell Spinks Jourdan, et al. vs. Allmerica Financial Benefit Insurance Company, et al.*, 22nd Judicial District Court No. 110,195, Div. H, Parish of Washington, State of Louisiana. In their state court suit, the Jourdan heirs allege that, at the time of the accident, Mr. Jourdan was performing his duties as a member of the Co-op's board and was thus insured under the UM coverage in Federated's policy issued to the Co-op.

(R. Doc. 19-1, at 3 n.1.) On April 4, 2017, Federated filed a memorandum addressing the above-mentioned cases. Federated contends that its declaratory judgment action is justiciable, that this court has the authority to grant declaratory relief, and that this court should exercise its discretion to decide this declaratory judgment action. (R. Doc. 38.) On April 5, 2017, Declaratory Defendants filed a memorandum essentially adopting Federated's position and contending that this Court should exercise its discretion to decide this action. (R. Doc. 40.)

In analyzing whether to decide or dismiss a declaratory judgment suit, a federal district court must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action. *Axis Oilfield Rentals, LLC v. Mining, Rock, Excavation and Constr., LLC*, 2016 WL 6995105, at *3 (E.D. La. Nov. 30, 2016) (citing *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 387 (5th Cir. 2003)).

This action is clearly justiciable as there is an actual controversy between the parties as to whether Lawrence "Cotton" Jourdan was insured at the time of the incident, and whether Declaratory Defendants are entitled to any proceeds from Mr. Jourdan's insurance policy. *See Ironshore Specialty Ins. Co. v. Tractor Supply Co.*, 624 F. App'x 159, 163 (5th Cir. 2016). However, the Court must determine whether it has the authority to grant relief. "[A] district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issue as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under" 28 U.S.C. § 2283. *Sherwin-Williams*, 343 F.3d at 388 n.1. Here, Declaratory Defendants filed a wrongful death and survival action against the driver of the

vehicle who struck Mr. Jourdan and Federated in state court in Washington Parish, Louisiana. Further, the precise issue before this Court is presently pending before the state court. Specifically, the Declaratory Defendants admit that in their state court suit they allege that, "at the time of the accident, **Mr. Jourdan was performing his duties as a member of the Co-op's board and was thus insured under the UM coverage in Federated's policy issued to the Co-op**." (R. Doc. 19-1, at 3 n.1) (emphasis added). Federated contends, and Declaratory Plaintiffs agree, that "Federated filed [the present] declaratory action <u>before</u> the Jourdans filed their state action against Federated and other defendants." (R. Doc. 38 at 2-3) (emphasis added). Accordingly, it appears that this Court has authority to consider the merits of this declaratory judgment action. *See Cherokee Ins. Co. v. Babin ex rel. Rogers*, No. 06-612, 2007 WL 2381928, at *3 (S.D. Miss. Aug. 17, 2007) (holding that the court had authority to decide a declaratory judgment action when there was no state court action involving the same parties filed *prior to* the declaratory judgment action being filed); *Endurance Specialty Ins. Co. v. City of Baton Rouge*, No. 14-642, 2015 WL 333059, at *2 (M.D. La. Jan. 23, 2015) ("The Court agrees with the holdings of other district courts that 'a federal court does not lack authority to consider a declaratory judgment action if no state court action was pending at the time

4

the federal complaint for declaratory relief was filed, regardless of the reason no state court action had been filed.'").

Therefore, the only remaining inquiry is whether this Court should exercise its discretion to consider the merits of this declaratory judgment action. This Court is required to examine several non-exclusive factors to determine whether it should decide or dismiss this declaratory judgment action. *Sherwin-Williams*, 343 F.3d at 388 (citing *Trejo*, 39 F.3d 585). These factors include:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

### 1. Pending State Action

"When a pending state court suit raises the same issues as a federal declaratory judgment action, the central question for a district court . . . is whether the controversy is better decided in state or federal court. A district court may decline to decide 'a declaratory judgment suit where another suit is pending in state

5

court presenting the same issues, not governed by federal law, between the same parties.'" *Id.* at 392. The relevant state court action related to this case was filed by Declaratory Defendants against Federated and the driver of the vehicle who struck Mr. Jourdan. Further, this action and the state court action involve on primary issue—whether Mr. Jourdan was an insured under the Federated policy at the time of his accident. This is purely a Louisiana state law issue. Specifically, one of the most important legal issues in this case is whether a Louisiana uninsured/underinsured insurance policy covers an individual who was not "occupying" his vehicle at the time of the incident. This state law issue must also be addressed by the state court in rendering its decision. "[T]he presence . . . of a pending parallel state proceeding is an important factor" weighing strongly in favor of dismissal. *Sherwin-Williams*, 343 F.3d at 394. Accordingly, because a state court action between the same parties in this suit, with the same state law issue, is pending in state court, this factor weighs strongly in favor of dismissal.

2. **Whether Plaintiff Filed Suit in Anticipation of a Lawsuit Filed by Defendants**

Under this factor, the Fifth Circuit looks to whether the declaratory judgment plaintiff engaged in procedural fencing in bringing the declaratory judgment action in federal court. *Ironshore*, 624 F. App'x at 167 (citing *Sherwin-Williams*, 343 F.3d

6

at 397 & n.7). Federated admits that it "filed this action in anticipation of the state court suit that" was subsequently filed. (R. Doc. 38 at 5.) While there is no evidence of "procedural fencing", it does appear that Federated was engaged in a "race to *res judicata*" because issues resolved in this Court may have a precedential and binding effect on the Jourdans' state court suit. *See Sherwin-Williams*, 343 F.3d at 399; *Firm v. Phipps Anderson Deacon, LLP*, No. 16-3675, 2016 WL 3656004, at *4 (E.D. La. July 8, 2016). Accordingly, this factor weighs in favor of dismissal.

3. **Whether Plaintiff was "Forum Shopping"**

There is no evidence that Federated engaged in forum shopping by invoking diversity jurisdiction to bring this declaratory judgment action against an alleged insured on an issue of insurance coverage. *See Ironshore*, 624 F. App'x at 167; *Sherwin-Williams*, 343 F.3d at 398 ("[W]e know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.") (internal quotation marks omitted)). Accordingly, this factor weighs against dismissal.

4. **Whether Possible Inequities in Allowing Plaintiff to Gain Precedence in Time or to Change Forums Exist**

The parties to this suit are parties in the pending state court suit. While Federated contends that a declaratory judgment will not cause inequities in the state action, the precise issue

7

before this Court—whether a Louisiana uninsured/underinsured insurance policy covers an individual who was not "occupying" his vehicle at the time of the incident—is before the state court. Accordingly, any determination by this Court as to this issue would result in *res judicata*, which weighs in favor of dismissal. *See Ironshore*, 624 F. App'x at 168.

### 5. Convenience of the Forums

There is no indication that the Federal District Court for the Eastern District of Louisiana is an inconvenient forum for either party. Accordingly, this factor weighs against dismissal. *See id.*

### 6. Judicial Economy

The sixth *Trejo* factor addresses efficiency considerations—whether retaining the lawsuit would serve judicial economy. The Fifth Circuit has noted that when there are "no factual disputes between the parties and . . . they have fully briefed the merits of the insurance issues" in the federal court action that judicial economy weighs against dismissal. *Ironshore*, 624 F. App'x at 168 (citing *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.*, 149 F.3d 371, 373 (5th Cir. 1998)). However, in *Agora* the case had been pending for over a year when the district court dismissed the case *sua sponte*. *Agora*, 149 F.3d at 373. While the parties have fully briefed the insurance issue in this Court, this lawsuit was filed only six months ago and this Court is not acting

*sua sponte*. The Court finds that judicial economy would be better served in state court. Rendering a decision in this court may lead to conflicting outcomes in whether Mr. Jourdan was insured at the time of the incident and subject the parties to piecemeal litigation. *See Euler Hermes N.A. Ins. Co. v. ILJIN Steel Am., Inc.*, No. 16-2251, 2017 WL 1013225, at *4 (S.D. Tex. Feb. 24, 2017) (finding that judicial economy was better served in state court where insurance issue would have to be addressed in the parallel proceeding in state court). Accordingly, this factor weighs in favor of dismiss.

## 7. State Judicial Decree

This Court is not being called upon to construe a state court judicial decree. Accordingly, this factor is neutral. *See Firm*, 2016 WL 3656004, at *5.

## CONCLUSION

Therefore, after weighing all of the *Trejo* factors, the Court finds that the first, second, fourth, and sixth factors weigh in favor of dismissal. Accordingly,

**IT IS HEREBY ORDERED** that Federated's declaratory judgment action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the pending *Motions for Summary Judgment* **(R. Docs. 29, 35)**, *Motion to Strike Jury* **(R. Doc. 19)**, and *Motion for Leave to File* **(R. Docs. 32)** are **DENIED AS MOOT**.

New Orleans, Louisiana this 19th day of April, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE